LEVY, Judge.
Miami-Dade County (“County”) appeals from the trial court’s Final Judgment wherein the trial court, after an eminent domain proceeding, awarded City National Bank of Florida (“Property Owner”) $140,739.26 in attorneys’ and expert witness fees. We reverse.
In 1992, the County decided to condemn a small segment of Property Owner’s property. Property Owner sought severance damages from the County on the theory that, had there been no condemnation order, Property Owner would have developed the property in accordance with a conceptual site plan. However, Property Owner never requested and, hence, the County never granted, approval of the conceptual site plan. Despite this fact, Property Owner spent much effort, and enlisted the services of many expert witnesses, to support this “conceptual site plan theory” for recovering severance damages.
When the action first went to trial, the County had given Property Owner an Offer of Judgment for $95,000.00. At trial, the County sought to exclude the conceptual site plan on the basis that it was speculative because the County had never granted approval of the conceptual site plan. The trial court denied this request. However, the first trial in this cause resulted in a mistrial only a few questions into the direct examination of the County’s first witness. Then, between the first trial and the second trial, the County’s Offer of Judgment was withdrawn. On the first day of the second trial, the County again moved to exclude the conceptual site plan on the basis that it was speculative. This time the trial court granted the County’s motion and the conceptual site plan was excluded. Thereafter, as the severance damages claim was based solely on the “conceptual site plan theory”, Property Owner presented no evidence on said issue at trial. After the second trial, the jury awarded Property Owner $95,000.00 in compensation for the land taken and no money for severance damages. Property Owner then appealed the exclusion of the conceptual site plan to this Court. See City Nat’l Bank of Fla. v. Dade County, 715 So.2d 350 (Fla. 3d DCA 1998). This Court affirmed the exclusion of the evidence because “there was no approved site plan, no development had occurred, and it was entirely speculative whether develop *370 ment would ever take place in accordance with the conceptual site plan.” Id. at 353.
The trial court then held a hearing to consider Property Owner’s motion to tax attorneys’ fees, expert witness fees and costs. After hearing the evidence, the trial court issued a document entitled “Findings of Fact, Conclusions of Law, and Final Judgment Awarding Attorneys’ Fees, Experts’ Fees and Costs”. In this Final Judgment, the lower court awarded Property Owner $65,739.26 in expert witness fees. The lower court also awarded Property Owner $75,000.00 in attorneys’ fees. Both of these awards included fees and costs incurred in preparing Property Owner’s failed severance damages claim. In total, the trial court awarded Property Owner $140,739.26. This appeal ensued.
We find that the trial court erred by including in its calculations those fees and costs which related to Property Owner’s failed severance damages claim. Property Owner’s claim for severance damages was based solely on the “conceptual site plan theory”; therefore, the vast majority of expert witness fees and attorneys’ fees incurred by Property Owner in this matter were related to the conceptual site plan that Property Owner hoped would be admitted at trial. However, the conceptual site plan was not admitted at trial and, on appeal, this Court held that the trial court properly excluded the evidence because of its speculative and conjectural nature. See City Nat’l Bank of Fla. v. Dade County, 715 So.2d 350 (Fla. 3d DCA 1998). In light of our previous holding, we now find that the fees incurred by Property Owner in preparing the failed severance damages claim should not have been included in the calculation of either expert witness fees or attorneys’ fees.
Specifically, we find that the award for expert witness fees should be reduced from $65,739.26 to $1,500.00. This amount reflects a reasonable expert witness fee based solely on the amount of work spent by Property Owner’s property appraiser in verifying or challenging the amount of compensation that the County’s property appraiser found for the taking. In addition, we find that the award for attorneys’ fees should be significantly reduced from $75,000.00 to reflect only that time spent by Property Owner’s counsel on matters outside of the “conceptual site plan theory” for recovering severance damages. Accordingly, we remand this cause to the trial court with instructions that attorneys’ fees be calculated without any consideration of the time spent by Property Owner’s counsel in preparing for the recovery of severance damages.
Reversed and remanded.